UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Envirogen Technologies, Inc.,

    Plaintiff,

v.

Maxim Construction Corporation, Inc.
and City of Crystal Lake,

    Defendants.

No. 14 C 2090
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant City of Crystal Lake's ("the City") Motion to Dismiss Count II of the Second Amended Complaint pursuant to Fed R. Civ. P. 12(b)(6). For the reasons set forth below, Defendant's motion is denied.

## I. Procedural Background

The conflict between Envirogen Technologies, Inc. ("Envirogen"), Maxim Construction Corporation ("Maxim"), and the City arises from a subcontract between the two corporations to supply a water treatment system for the City. The parties' various claims are currently playing out simultaneously in this Court and in the Circuit Court of the 22nd Judicial Circuit in McHenry County, Illinois. In March 2014, Envirogen filed its original breach of contract and patent infringement complaint against Maxim in this Court. On June 25, 2015, the City filed its own breach of contract complaint against both Maxim and Envirogen in McHenry County, asserting rights as a third party beneficiary of the Envirogen-Maxim contract. Envirogen filed its Second Amended Complaint in this court in August 2015, in which they added the City as a defendant and attached Count II requesting a declaratory judgment of no third party beneficiary rights. In September 2015, the City filed this Motion to Dismiss Count II under Rule

1

12(b)(6).

## II. Analysis

The City seeks to dismiss this case from federal court pursuant to the *Colorado River* doctrine, which permits dismissal of a federal suit "when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 818 (1976). In determining whether a parallel case should be stayed or dismissed, courts consider ten factors, none of which are determinative on their own. *Colorado River*, 424 U.S. at 818-19; *AAR Int'l Inc.v. Nimelias Enterprises S.A.*, 250 F.3d 510, 522 (7th Cir. 2001). Those factors are:

1) whether the state has assumed jurisdiction over property;

2) the inconvenience of the federal forum;

3) the desirability of avoiding piecemeal litigation;

4) the order in which jurisdiction was obtained by the concurrent forums;

5) the source of governing law, state or federal;

6) the adequacy of state-court action to protect the federal plaintiff's rights;

7) the relative progress of the state and federal proceedings;

8) the presence or absence of concurrent jurisdiction;

9) the availability of removal; and

10) the vexatious or contrived nature of the federal claim.

*See Freed v. J.P. Morgan Chase Bank, N.S.*, 756 F.3d 1013, 1018 (7th Cir. 2014) (citing *Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744, 754 (7th Cir. 2006).

The City argues that its pending action in McHenry County qualifies as the type of parallel litigation contemplated by *Colorado River*, and further argues that the *Colorado River*

factors dictate that the McHenry County case takes precedence. Specifically, the City points to the risk of piecemeal litigation and the impossibility of removal to a federal forum as factors militating in their favor, and regards the remaining factors as "irrelevant or neutral." Envirogen disputes both of the City's claims, arguing that the two cases are not parallel for *Colorado River* purposes and that even if they were, the factors weigh in favor of continuing with the federal case.

As a threshold matter, I find that the two cases do qualify as parallel litigation under *Colorado River*. Although Envirogen is correct that only the federal case involves a claim between Maxim and Envirogen, the federal and McHenry County cases share enough factual similarities and implicate enough of the same parties to trigger the *Colorado River* analysis. However, an analysis of the ten factors tilts decisively in favor of retaining the federal case for the reasons described below.

First, Envirogen correctly notes that abstention is the exception, not the rule. *Colorado River*, 424 U.S. at 813; *Adkins v. VIM Recycling Inc.*, 644 F.3d 483, 496-97 (7th Cir. 2011). Refusal to exercise jurisdiction over a case is proper only in exceptional circumstances "where denying a federal forum would clearly serve an important countervailing interest," such as "considerations of proper constitutional adjudication," "regard for federal-state relations," or "wise judicial administration." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (quoting *Colorado River*, 424 U.S. at 817). Not only are those circumstances not present here, but as discussed below, the goal of wise judicial administration is actually hindered by dismissing the case from federal court.

Among the ten *Colorado River* factors, at least four factors support the federal court's continued jurisdiction. The City admits as much with regards to factor 2 (the inconvenience of

3

the federal forum), since there can be no question of any inconvenience on its part—its offices are only a block from the federal courthouse. Factor 3, which the City does rely on, considers the risk of creating piecemeal litigation and inconsistent results. Yet the City only seeks to dismiss Count II, as it is not involved in Count I between Maxim and Envirogen. Thus, even if the court were to dismiss Count II, this action would remain pending in federal court, involving substantially the same fact pattern and parties as the parallel case in McHenry County. To dismiss Count II, then, would actually ensure the creation of piecemeal litigation and frustrate the aims of judicial economy and efficiency.

Factor 4 looks to which case is the prior pending action, a seemingly straight-forward factual question on which the parties disagree. This case was filed in March 2014 but originally involved only Envirogen and Maxim, the principals to the contract at issue. The McHenry County case was filed over a year later in June 2015, and Envirogen added the City as a defendant to this case that August. Since it was not a party to this case until after filing the McHenry County case, the City considers its state action to be the older of the two. But the contractual dispute at the core of both cases was raised in this court over a year earlier. Moreover, as discussed below, the City has been involved as a third party to the federal case for some time before it was actually added as a defendant. Construing all facts in the light most favorable to the Plaintiff, the instant case is the prior pending action.

Finally, factor 7 (the relative progress of both suits) clearly favors the Plaintiff as the federal case is much further along in the discovery process than the newly filed McHenry County case. While the City's motion does not make clear how much progress the McHenry County case has made, it was certainly delayed by an order of dismissal for want of prosecution that was only vacated in October 2015. Meanwhile, the federal case is set to conclude discovery next month.

The City has been involved in discovery in federal court since before it was a party, producing a substantial volume of documents and written discovery pursuant to third party subpoenas. The advanced state of the federal litigation further supports this Court's continuing jurisdiction over the case.

Most of the remaining factors do not warrant lengthy analysis. I will note that I do not believe that Envirogen filed this action for "vexatious or contrived purposes" (factor 10) and that the contract dictates that the source of governing law is Texas state law, rendering the difference between a federal and Illinois state court immaterial for purposes of factor 5. It also bears mentioning that to the extent that factor 9 (the availability of removal) weighs in favor of the City, it is because the City itself created a lack of complete diversity by attaching two new, separate contract claims to the McHenry County complaint. In any event, in light of the collective weight of the *Colorado River* factors, I do not consider it appropriate to dismiss Count II of the federal case.

## IV. Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss Count II of the Second Amended Complaint is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: November 18, 2015

5