**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ENVIROGEN TECHNOLOGIES, INC.,

      Plaintiff,

          v.

MAXIM CONSTRUCTION
CORPORATION, INC. and CITY OF
CRYSTAL LAKE,

      Defendants.

No. 14 C 2090
Judge James B. Zagel

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Envirogen's Motion for Judgment on the Pleadings as to

Count II of the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(c). For the following

reasons, Plaintiff's Motion is granted and Defendant City of Crystal Lake's counterclaim against

Envirogen is dismissed.

## I. PROCEDURAL HISTORY

The conflict between Envirogen Technologies, Inc. ("Envirogen"), Maxim

Construction Corporation ("Maxim"), and the City of Crystal Lake ("the City") arises from a

subcontract between the two corporations to supply a water treatment system for the City. In

2014, Envirogen filed its original breach of contract and patent infringement complaint against

Maxim in this Court. In June 2015, the City filed its own breach of contract complaint against

both Maxim and Envirogen in McHenry County, asserting rights as a third-party beneficiary of

the Envirogen-Maxim contract. Envirogen filed its Second Amended Complaint in this court in

August 2015, in which they added the City as a defendant and attached Count II requesting a

declaratory judgment of no third-party beneficiary rights. The City filed a counterclaim against

Maxim on December 2, 2015. On December 23, 2015, Envirogen filed the instant motion for judgment on the pleadings regarding its claims against the City.

## II. FACTUAL BACKGROUND

The City of Crystal Lake embarked on a project to renovate its water treatment plant in November of 2009. On August 27, 2010, Maxim won the bidding contest for the project. As part of the project, Maxim contracted with Envirogen to purchase the ion exchange water treatment system for Crystal Lake. In late 2010, Maxim and Envirogen signed a Purchase Order for the ion exchange water treatment system. They later entered into a Change Order in 2012 that modified, but does not conflict with, the Purchase Order. The City was not a signatory to either the Purchase Order or the Change Order. The Purchase Order states, in relevant part:

> For all purposes of this Order, Envirogen is and shall remain an independent contractor. There are no intended third-party beneficiaries to these General Conditions or the Order and nothing in this Contract will entitle any person other than Envirogen or Maxim to any claim, cause of action, remedy, or right of any kind under the Order.

The City, in its Answer to Envirogen's Second Amended Complaint, now asserts that it is a third-party beneficiary of the Purchase Order as modified by the Change Order.

## III. LEGAL STANDARD

A Rule 12(c) motion is evaluated under the same standard as a Rule 12(b)(6) motion. *See Hayes v. City of Chicago,* 670 F.3d 810, 813 (7th Cir. 2012). When considering a motion to dismiss under Rule 12(c), the Court accepts as true all facts alleged in the complaint and construes all reasonable inferences in favor of the non-moving party. *See Forseth v. Village of Sussex,* 199 F.3d 363, 368 (7th Cir.2000). A Rule 12(c) motion is decided on the pleadings alone, which includes "the complaint, the answer, and any written instruments attached as exhibit." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir.1998) (citing Fed.R.Civ.P. 10(c)). Where a party "moves for judgment on the pleadings,

the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position." *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority,* 378 F.3d 596, 600 (7th Cir.2004).

I also note that the governing law in this case is that of the state of Texas. This choice of law derives from the valid contract between Maxim and Envirogen, and was affirmed by this Court in its Memorandum Opinion and Order of November 18, 2015.

## IV. DISCUSSION

Texas courts presume non-contracting parties are not third-party beneficiaries unless the contracting parties' intent to convey such status is clear and unambiguous. *Tawes v. Barnes*, 340 S.W.3d 419, 425 (Tex. 2011); *Maddox v. Vantage Energy, LLC*, 361 S.W.3d 752, 757 (Tex. App. 2012) ("The third-party beneficiary need not be specifically named in the contract but must be otherwise sufficiently described or designated.") (citing *Knox v. Ball*, 144 Tex. 402, 413 (Tex. 1945)). Texas courts are extremely reluctant to create a third-party beneficiary by implication, including in cases where a third party receives an incidental benefit from a contract. *See, e.g., First Bank v. DTSG, Ltd.* (472 S.W.3d 1), 17 (Tex. App. 2015) ("A court will not create a third-party-beneficiary contract by implication"); *MCI Telecomm. Corp. v. Texas Utilities Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999) ("The intention to contract or confer a direct benefit to a third party must be clearly and fully spelled out or enforcement by the third party must be denied.") In this case, the language of the contract is clear and unambiguous in its intent not to confer third-party beneficiary status on anyone and to confine the contract to the two signatories, Envirogen and Maxim.

In addition to the language of the contract, Envirogen asserts that Texas courts have found in similar cases that an interested third party cannot recover from a subcontractor with

whom the third party has no direct contractual relationship. *See P. McGregor Enterprises, Inc. v. Hicks Construction Group, LLC*, 420 S.W.3d 45, 51 (Tex. 2012). This is because the third party already has a remedy available to him—that is, he can sue the contractor, with whom he does have a contractual relationship, and the contractor can then take up its claims against the subcontractor. Indeed, Envirogen posits, that is exactly what happened here, as the City has filed a cross-claim against Maxim, and Maxim, in turn, sued Envirogen. Thus, Envirogen claims, the language and intent of the contract does not deprive the City of a remedy.

The City contends that it can and should be deemed a third-party beneficiary in spite of the Purchase Order's language. First, the City points out that it negotiated directly with Envirogen for the sale of the ion exchange water treatment system and that all parties—the City, Envirogen, and Maxim—were aware that the City would be the ultimate purchaser and user of the system and, indeed, without the City's contract with Maxim there would be no need for the Purchase Order. Next, the City cites Texas law stating that no single provision of a contract controls and that extrinsic evidence may be considered in determining third-party beneficiary status, even if the contract is unambiguous. However, the City only refers vaguely to "communications" it can offer to prove the signatories' intent to confer third-party beneficiary status on the City, without producing any concrete or specific evidence to that end.

Even without extrinsic evidence, the City argues, a third party may be deemed an intended beneficiary if 1) the signatories intended to confer a benefit on the third party and 2) the contracting parties entered into the contract directly for the third party's benefit. *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002). The City cites various provisions in the Purchase Order and Change Order that incorporate provisions of the City's contract with Maxim, thus tying Envirogen's contractual obligations to the City's contract with Maxim. Indeed, Section 3 of

Appendix B to the Purchase Order states in part, "Envirogen agrees to be bound to Maxim by the terms of the agreement between [Maxim and the City]," to the extent the two agreements don't conflict. It further states that Envirogen shall "assume toward Maxim all obligations and responsibilities that Maxim by said documents assumes toward [the City]." Other clauses in the Purchase and Change Orders make note of the fact that the City is to be the ultimate purchaser and user of the water system provided by Envirogen, making plain that the Envirogen's obligations and duties under the Purchase and Change Orders flow through Maxim to the City.

It is clear that the City is, at the least, an incidental beneficiary to the Purchase Order and Change Order. Nevertheless, Texas law requires an explicit, unambiguous expression of intent to convert an incidental beneficiary into an intended one. *Tawes*, 340 S.W.3d at 425; *MCI Telecomm. Corp*, 995 S.W.2d at 651. Here, we have precisely the opposite—the Purchase Order contains clear language denying that any third-party beneficiaries exist. No matter how intertwined and interdependent the parties' relationships, the language of the contract as I must construe it under Texas law requires me to give effect to the signatories' intent not to create a third-party beneficiary. Likewise, neither the fact that the subcontract would not exist without the City's contract with Maxim nor the fact that the subcontract's obligations mirror the obligations in the City-Maxim contract will suffice to transform the City into an intended beneficiary. The City does not offer any "clearly and fully spelled out" expression of intent to create a third-party beneficiary, as it must do to prevail on its counterclaim. *Id*. Finally, as discussed above, the City does have standing to pursue its claims against Maxim, and thus is not deprived of all remedies going forward. Therefore, I find that the City is not an intended third-party beneficiary under the Purchase Order or Change Order between Maxim and Envirogen.

**V. CONCLUSION**

       For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings with

regards to Count II against the City is granted, and Defendant City of Crystal Lake's

counterclaim against Envirogen is dismissed.

                                  ENTER:

                                  James B. Zagel
                                  United States District Judge

DATE: March 28, 2016