# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ENVIROGEN TECHNOLOGIES, INC.,

    Plaintiff,

v.

MAXIM CONSTRUCTION CORPORATION, INC. and CITY OF CRYSTAL LAKE,

    Defendants.

No. 14 C 2090
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Maxim's Motion for Leave to File an Amended Counterclaim pursuant to Fed. R. Civ. P. 15(a). For the following reasons, Maxim's Motion is denied.

## I. BACKGROUND

The conflict between Plaintiff Envirogen Technologies, Inc. ("Envirogen") and Defendant Maxim Construction Corporation ("Maxim") arises from a subcontract between the two corporations to supply a water treatment system for the City of Crystal Lake ("the City"). In 2014, Envirogen filed its breach of contract and patent infringement complaint against Maxim in this Court. Envirogen filed a First Amended Complaint in March 2015 and a Second Amended Complaint in August 2015. The Second Amended Complaint was the first filing in which Plaintiff added the City as a defendant. After the court ruled on the City's Motion to Dismiss in November, the City filed its Answer and a counterclaim against Maxim on December 2, 2015.

Maxim filed the instant motion to amend its counterclaim against Envirogen on January 15, 2016. Maxim seeks to include claims for express and implied contractual indemnity,

1

a claim necessitated by the City's recently filed counterclaim against Maxim. Additionally, Maxim proposes a fourth Count for failure to procure and provide insurance, based on a clause in the parties' contract that requires Envirogen to purchase insurance coverage "[i]f the services and/or the delivery of the Products require Envirogen or its contractors or carriers to enter on to (*sic*) any property owned or occupied by Maxim." Maxim claims that Envirogen has not produced any discovery regarding insurance pursuant to Fed. R. Civ. P. 26(a), which Maxim believes constitutes a material breach of the parties' contract.

The governing law in this case is that of the state of Texas. This choice of law derives from the valid contract between Maxim and Envirogen, and was affirmed by this Court in its Memorandum Opinion and Order of November 18, 2015.

## II. LEGAL STANDARD

"Although Federal Rule of Civil Procedure 15(a) instructs that leave to amend shall be freely given 'when justice so requires,' a district court may deny a [party] leave to amend if 'there is undue delay, bad faith or dilatory motive.'" *Sound of Music Co. v. Minnesota Mining & Mfg. Co.,* 477 F.3d 910, 922 (7th Cir.2007) (citations omitted). The Court may also deny a motion for leave to amend if it finds that "undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" would occur. *Id.* at 922–23 (citations omitted). "[F]utile repleadings include restating the same facts using different language, . . . failing to state a valid theory of liability, . . . and the inability to survive a motion to dismiss . . ." *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994).

## III. DISCUSSION

### A. Timeliness and Undue Prejudice

Maxim asserts that its motion for leave to amend is timely because the indemnification claims were not ripe until the City filed its counterclaims against Maxim. Envirogen argues that Maxim had the information necessary to assert these claims in 2011 or 2012, when the contract was being performed, and should have asserted them in 2014 when the lawsuit began. At the latest, Envirogen says Maxim forfeited its opportunity to assert these claims in federal and/or state court when the City brought this same claim against Maxim in June 2015. Moreover, Maxim does not speak to why the failure to procure insurance claim was not asserted until now. Envirogen further argues that the delay has prejudiced them, as they have embarked on discovery with the assumption that the scope of the case has already been defined.

With regard to the indemnification claims, Maxim's filing was reasonably prompt as it filed this motion just over a month after the City first asserted its counterclaims. Although the City did file the same claims in the state action last June, Maxim was not required to amend its complaint in anticipation of a claim that might or might not be levied against them in the federal suit. *See, e.g., Applied Industrial Materials Corp. v. Mallinckrodt, Inc.*, 102 F.Supp.2d 934, 945-46 (N.D. Ill. 2000) ("[T]he claim is not justiciable if it involves 'contingent future events that may not occur as anticipated, or indeed may not occur at all,'" such as a lawsuit anticipated in the future) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568 (1985)). I find that the prejudice to Envirogen is not undue here. Not only is the case still in the midst of discovery, but the proposed indemnification claims are grounded in the same contract that is already at the heart of the dispute. For these reasons, I do not believe that adding indemnification claims will unfairly prejudice Envirogen in their preparation for trial.

However, Maxim has offered no justification for its delay in adding the failure to procure insurance claim. Indeed, Maxim does not even mention this claim in its initial motion, although it is included in Maxim's proposed amended complaint attached to the motion. On the facts provided, it appears that any basis for the insurance claim should have been apparent to Maxim at the outset of this litigation. Therefore, with regards to the failure to procure insurance claim, I deny the motion to amend.

**B. Futility**

Envirogen also argues that the indemnification claims would not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss and are therefore futile. In support of this contention, Envirogen argues that the underlying crossclaim that gives rise to Maxim's indemnification claim is itself barred by a four-year statute of limitations. 735 ILCS 5/13-214(a). However, under Rule 12(b)(6), courts generally do not dismiss claims on the basis of an affirmative defense. *Galvin v. Illinois Republican Party*, 2015 WL 5304625 at *2 (N.D. Ill. 2015) ("A plaintiff may state a claim even though there is a defense to that claim, and courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses") (citing *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)). As the statute of limitations is an affirmative defense, I decline to find that Maxim's motion to amend on the basis of claims that are potentially time-barred would be futile.

Envirogen next asserts that the indemnification claims are futile because Maxim has not established both contractual preconditions for asserting the claim. The indemnification clause of the Purchase Order states in part that the only claims covered by the clause are those claims "arising out of (i) the Indemnifying Party's negligence or willful misconduct; ***and*** (ii) failure of the Indemnifying Party or any of its employees or agents to observe or comply with any of the

4

Indemnifying Party's duties or obligations under the General Conditions or the order . . ." (emphasis added). Here, Maxim has not pleaded negligence or willful misconduct on Envirogen's part. Envirogen asserts that, according to the plain meaning of the quoted phrase, both prongs must be pleaded to trigger an indemnification duty. Further, Envirogen argues that Texas law strictly construes indemnification clauses against the indemnitee (here, Maxim) and that Texas courts have abolished the common law right to indemnity. Nevertheless, as Maxim points out, Texas has not abolished the right to impose indemnification duties by contract, as the parties allegedly did here. *B & B Auto Supply v. Central Freight Lines, Inc.*, 603 S.W.2d 814, 817 (Tex. 1980) ("Our holding is not intended to bar indemnity in cases in which there is a contractual basis for indemnity . . .").

The question for this court, then, is one of contractual interpretation. Envirogen argues that the parties routinely used "or" or "and/or" in the contract when they intended a disjunctive meaning. Therefore, the use of "and" must impart a conjunctive meaning, which is supported by the plain meaning and common usage of the word "and." However, Maxim asserts that Texas courts permit the word "and" to be interpreted to mean "either or both" when context and common sense support such a reading. *See, e.g., Aerospatiale Helicopter Corp. v. Universal Health Services, Inc.*, 778 S.W.2d 492, 502 (Tex. App. 1989) (holding that a common sense reading of the contract in question supported interpreting "and" in that case to mean "either or both" and explaining, "One of the recognized uses of 'and' is to refer to 'either or both' of two alternatives, when 'or' might be interpreted as referring to only one or the other.").

Here, I find no justification for departing from the common sense reading of the indemnification clause. It is perfectly rational and not uncommon for parties to limit contractual indemnification to narrow circumstances, such as cases in which the indemnifying party (here,

5

Envirogen) has both breached the contract and committed a negligent or willfully tortious act. Because Maxim has not alleged any negligence or willful misconduct on Envirogen's part as the contract requires, the indemnification claims would not withstand a Rule 12(b)(6) motion to dismiss. Therefore, with regard to the indemnification claims, Maxim's motion to amend is denied as futile.

## IV. CONCLUSION

For the foregoing reasons, Maxim's Motion is denied on all proposed counts.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 29, 2016